FILED
9/16/21 12:24 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

Nathaniel James Stanger         :   Bankruptcy Case No. 21-10391-TPA
        *Debtor(s)*             :   Chapter 13

# PLAN CONFIRMATION ORDER

   **AND NOW,** this **16th** day of **September, 2021**, it is hereby **ORDERED, ADJUDGED and DECREED,** with the consent of all the Parties in attendance, as follows:

**A**    The Chapter 13 Plan dated **July 29, 2021**, except as modified herein as numbered, below, is **CONFIRMED** in accord with *11 USC 1325*. On the effective date of this Order, the Chapter 13 Trustee shall pay administrative, secured and priority creditors identified in the Plan. General unsecured creditors will not receive distributions at least until the government bar date has passed and the Chapter 13 Trustee has submitted a *Notice of Intention to Pay Claims* to the Court.

   **1.**    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim:
Claimant: **Pa. Dept. of Rev.**.    Claim Number: **5**

   **2.**    No further payments to the following secured/priority claimant(s) is/are due and owing because of the indicated reason. All prior payments to the Creditor(s) listed below is/are approved. **Ally Financial**, Reason: **vehicle has been totaled**.

**B**    **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

   **1.**    **Objections to the Plan:** This Order is effective as of the date indicated below. Pursuant to *Fed.R.Bankr.P. 2002(b)*, any party in interest with an objection to any provision of this Confirmation Order must file a written objection within the twenty-eight (28) day period following entry of this Order. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may only disburse funds pursuant to this confirmation order upon expiration of the foregoing twenty-eight (28) day period.

   **2.**    **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

   **3.**    **Review of Claims Docket and Objections to Claims.** Pursuant to *LBR 3021-1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review all proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

   **4.**    **Motions or Complaints Pursuant to §§506, 507, or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507* and *522* shall be filed within ninety (90) days after the claims bar date.

   **5.**    **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the Plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s)

as filed causes the Plan to be underfunded.

**C    IT IS FURTHER ORDERED THAT:**

1. Plan terms are subject to the resolution of: timely but yet to be filed claims including government claims; all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

2. Following payment of allowed secured and priority claims the allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

3. After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

4. Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

5. Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' Counsel and Debtor*(s)* at least twenty-one (21) days prior to the change taking effect.

6. Debtor(s) shall file an Amended Schedule I and/or J in the event of:

    (a) Household income increases by 10% or more over most the recently filed Schedule I, because of new employment, promotion, or otherwise.

    (b) A reduction in payroll withholding (including any Domestic Support Obligation and retirement loan(s) repayments), or a 10% or more reduction of any line item expense on Schedule J.

    (c) Any indicated increase in disposable income as a result of an increase in income or decrease in payroll withholding or Schedule J expense (and the fund created for the benefit of general Unsecured Creditors) is retroactive to the date of the payoff of the obligation, decrease in expense, or increase in household income.

7. Debtor(s) shall provide Trustee annual tax returns and statements of income and expenses, in accordance with Section 521(f) and (g), and shall file an amended plan reflecting any increase in disposable income retroactive to date of increase.

8. Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

9. The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising preconfirmation defaults in any subsequent motion to dismiss.

10. In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

11. Any prior Confirmation Order entered in this matter is *VACATED*.

Revised 7/26/2021
cc: All Parties in interest to be served by Clerk in seven (7) days

Thomas P. Agresti, Judge
United States Bankruptcy Court

jlm

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                                                  Case No. 21-10391-TPA

Nathaniel James Stanger                                                                                          Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-1                                      User: bsil                                                              Page 1 of 2

Date Rcvd: Sep 16, 2021                              Form ID: pdf900                                    Total Noticed: 21

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 18, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Nathaniel James Stanger, 112 Plum Street, Greenville, PA 16125-1857 |
| 15393449 | ++ | BANK OF AMERICA, PO BOX 982238, EL PASO TX 79998-2238 address filed with court:, Bank Of America, Po Box 982238, El Paso, TX 79998 |
| 15397939 | + | Bank of America, N.A., P O Box 982284, El Paso, TX 79998-2284 |
| 15393450 | + | Cbe Group, Attn: Bankruptcy Department, Po Box 900, Waterloo, IA 50704-0900 |
| 15403015 | + | PennyMac Loan Services, LLC., P.O. Box 2410, Moorpark, CA 93020-2410 |
| 15393456 | | Pennymac Loan Services, Attn: Bankruptcy, Po Box 514357, Los Angeles, CA 90051 |
| 15393458 | + | UPMC Health Services, PO Box 371472, Pittsburgh, PA 15250-7472 |
| 15393459 | + | UPMC Physician Services, PO Box 371980, Pittsburgh, PA 15250-7980 |
| 15393460 | + | Us Department of Education, Ecmc / Bankruptcy, Po Box 16408, St Paul, MN 55116-0408 |
| 15393461 | + | Weltman, Weinberg & Reis Co., LPA, 436 Seventh Avenue, Suite 2500, Pittsburgh, PA 15219-1842 |

TOTAL: 10

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@americaninfosource.com | Sep 16 2021 23:28:33 | Ally Financial, c/o AIS Portfolio Services, LP, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 15393448 | + | Email/Text: ally@ebn.phinsolutions.com | Sep 16 2021 23:30:00 | Ally Financial, Attn: Bankruptcy, Po Box 380901, Bloomington, MN 55438-0901 |
| 15393451 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Sep 16 2021 23:39:32 | Citibank, 701 East 60th Street North, Sioux Falls, SD 57104-0493 |
| 15393452 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Sep 16 2021 23:30:00 | Comenity Bank, PO Box 182025, Columbus, OH 43218-2025 |
| 15393453 | | Email/Text: G06041@att.com | Sep 16 2021 23:30:00 | DirecTV LLC, Attn: Bankruptcies, PO Box 6550, Englewood, CO 80155 |
| 15395591 | | Email/Text: mrdiscen@discover.com | Sep 16 2021 23:30:00 | Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025 |
| 15393454 | + | Email/Text: mrdiscen@discover.com | Sep 16 2021 23:30:00 | Discover Financial, Po Box 3025, New Albany, OH 43054-3025 |
| 15393455 | + | Email/Text: bankruptcydpt@mcmcg.com | Sep 16 2021 23:30:00 | Midland Funding LLC, Attn: Bankruptcy, Po Box 939069, San Diego, CA 92193-9069 |
| 15393457 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Sep 16 2021 23:28:33 | Portfolio Recovery Associates, 120 Corporate Boulevard, Suite 1, Norfolk, VA 23502 |
| 15405835 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Sep 16 2021 23:29:17 | Portfolio Recovery Associates, LLC, POB 12914, Norfolk, VA 23541 |
| 15400029 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Sep 16 2021 23:30:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |

| District/off: 0315-1 | User: bsil | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Sep 16, 2021 | Form ID: pdf900 | Total Noticed: 21 |

| 15393460 | + Email/Text: ECMCBKNotices@ecmc.org | | |
|---|---|---|---|
| | | Sep 16 2021 23:30:00 | Us Department of Education, Ecmc / Bankruptcy, Po Box 16408, St Paul, MN 55116-0408 |

TOTAL: 12

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | PENNYMAC LOAN SERVICES |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2021         Signature:         /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 16, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Daniel P. Foster | on behalf of Debtor Nathaniel James Stanger dan@mrdebtbuster.com katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com |
| Maria Miksich | on behalf of Creditor PENNYMAC LOAN SERVICES mmiksich@kmllawgroup.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 4